# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DELFON BLAIR,
    Plaintiff

Case No. 1:09-cv-404

vs

HAMILTON COUNTY, et al.,
    Defendants

**ORDER**
(Dlott, J.)

Plaintiff, a resident of Cincinnati, Ohio, brings this action pro se against Hamilton County, Ohio, and the State of Ohio. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from

such relief. 28 U.S.C. § 1915 (e)(2)(B)(ii-iii). In order to state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that the persons engaging in the conduct complained of were acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 517 (1984)). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

Plaintiff's complaint alleges the following:

> l walked into the court room, the lawyer, Huges McKlusky, had my case dismissed. In Judge David P. Davis room five hundred thirty, Hamilton County 6/6/07. He said, "I want no part of what's bout to happen," then walked out. Then I was sentenced to terms to violate my probation. Under certin (sic) law condition. Say's they couldn't have. Served fourteen months on a twelve month sentence.

(Complaint at 5). Plaintiff seeks monetary relief.

Plaintiff's complaint against defendant Hamilton County must be dismissed. Plaintiff's complaint fails to state a claim for relief under § 1983 against Hamilton County because municipalities and counties are not vicariously liable for the actions of their employees under § 1983. "It is firmly established that a municipality, or as in this case a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978)). To state a claim for relief against Hamilton County for his

2

injuries, plaintiff must allege that "those injuries were the result of an unconstitutional policy or custom of the County." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See Monell*, 436 U.S. at 694; *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). *See also Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Plaintiff's complaint fails to allege any facts showing that the deprivation he suffered was made pursuant to a policy or custom of Hamilton County, Ohio. Plaintiff's § 1983 claim against Hamilton County is based on a theory of respondeat superior which is not a basis for liability under § 1983. *Monell*, 436 U.S. 658. Therefore, plaintiff's complaint fails to state a claim upon which relief may be granted against Hamilton County and must be dismissed.

The complaint against the State of Ohio must also be dismissed because the State of Ohio is immune from suit in this federal court. Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar of suits in federal court against a state do not apply in this case. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio*

3

*v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976), *cert. denied*, 430 U.S. 946 (1977); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Nor has plaintiff sued a state official seeking prospective relief for future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908). In addition, Congress did not "explicitly and by clear language" express its intent to "abrogate the Eleventh Amendment immunity of the States" in enacting Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 341-43, 345 (1979). Therefore, plaintiff's claim for monetary relief against the State of Ohio is dismissed.

Accordingly, plaintiff's complaint is **DISMISSED** on the grounds that it fails to state a claim upon which relief may be granted and seeks monetary relief from a defendant which is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith and therefore denies plaintiff leave to appeal *in forma pauperis*. Plaintiff, a non-prisoner, remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

Susan J. Dlott, Chief Judge
United States District Court

4